WINEBRAKE & SANTILLO, LLC
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVER BEDOYA, DIEGO GONZALES, and MANUEL DeCASTRO, on behalf of themselves and all others similarly situated,, | : : : CIVIL ACTION : : : NO. _____ |
| Plaintiffs, | : : |
| v. | : **(Document Filed Electronically)** : |
| AMERICAN EAGLE EXPRESS, INC. d/b/a AEXGroup., | : : : |
| Defendant. | : : |

### CLASS ACTION COMPLAINT

**I.   INTRODUCTION**

1.   This class action complaint is filed on behalf of Plaintiffs Ever Bedoya, Diego Gonzales, and Manuel DeCastro (collectively "Plaintiffs") and other delivery drivers who make deliveries for Defendant American Eagle Express, Inc. d/b/a AEXGroup ("AEX") and are based in or operate in the state of New Jersey.  As set forth herein, Plaintiffs and the class they seek to represent have been improperly characterized as independent contractors even though, as a matter of law and fact, they are employees under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law.  As a result, Plaintiffs and the class they seek to represent have been subject to improper deductions from their pay and have been denied overtime pay, and have

otherwise been unjustly forced to bear the costs of AEX's business.

## II.     JURISDICTION AND VENUE

2.      The jurisdiction of this court is invoked pursuant to the Class Action Fairness Act. Pub. L. No. 109-2, 119 Stat. 4 (2005).  Plaintiffs and AEX are residents of different states and (without the benefit of discovery) the amount in controversy exceeds $5,000,000.

## III.    THE PARTIES.

3.      Plaintiff Ever Bedoya ("Bedoya") is an adult resident of Addison, New Jersey. Bedoya has worked full-time as a delivery driver for AEX for more than five years.

4.      Plaintiff Diego Gonzales ("Gonzales") is an adult resident of Garfield, New Jersey.  Gonzales has worked full-time as a delivery driver for AEX for almost six years.

5.      Plaintiff Manuel DeCastro ("DeCastro") is an adult resident of Clifton, New Jersey.  DeCastro has worked as a delivery driver for AEX for almost six years.

6.      Defendant AEX is a corporation that is in the business of providing courier delivery services to a variety of large companies such as hospitals, drug companies, and pharmacies, with headquarters in Aston, Pennsylvania and a location in Linden, New Jersey.

7.      Plaintiffs bring their claims individually and on behalf of a class of individuals similarly situated.  That class is comprised of all individuals who have regularly performed delivery services for AEX within the state of New Jersey and who are classified as independent contractors.

8.      The proposed class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Specifically, the class is so numerous the joinder of all claims is impractical and proceeding as a class action is a superior method to adjudicate the claims in this case. Plaintiffs' claims are typical of the claims of the class members.  Plaintiffs and their attorneys

will adequately and fairly represent the interests of the class.  Further, the claims of Plaintiffs and the class involve common questions of law and fact, particularly whether or not New Jersey delivery drivers have been misclassified as independent contractors under New Jersey law.  Finally, common issues predominate over individualized issues.

**IV.     STATEMENT OF FACTS**

9.     AEX is a regional package delivery company that operates in the mid-Atlantic states from Virginia to New York.

10.    AEX conducts business out of various locations in New Jersey, and utilizes New Jersey drivers to make deliveries throughout the state of New Jersey and sometimes just outside its borders.

11.    Plaintiff Bedoya has been working full-time for AEX for almost six years.

12.    In order to work for AEX, Bedoya is required to provide his own vehicle.

13.    Each week, AEX takes deductions from his paycheck for so-called "occupational insurance" and for use of the company's electronic scanner which AEX uses to track its drivers and the packages they deliver.  There are also deductions and penalties from time to time for, *inter alia*, poor delivery service, lateness, background checks, drug testing, etc.

14.    Bedoya delivers mostly medicines and pharmaceutical scripts to various stores such as CVS or Walgreen's and sometimes to a hospital or other medical facility.  Bedoya drives a regular route that is assigned to him by AEX and he makes deliveries along that route every day.  In order to do that, he reports to a warehouse operated by AEX and located in Linden, New Jersey, where many other drivers like him show up every day to work.  AEX requires that Bedoya be at the warehouse by at least 6:00 a.m., and Bedoya often does not finish his work until sometime in the afternoon.  Bedoya sometimes works more than forty hours per week.

15. During the time he has worked for AEX, Bedoya has not performed delivery services for any other companies.

16. In order to work for AEX, Bedoya was required to sign an agreement which he was provided by AEX on a take it or leave it basis.

17. Plaintiffs Gonzales and DeCastro are required to operate in the same way as is Plaintiff Bedoya. They each have their own vehicles, which they must pay for and maintain and they suffer the same types of deductions as Bedoya. They each have a delivery route assigned to them by AEX. Both are required by AEX to show up at AEX's warehouse located in Linden, New Jersey at about 6:00 a.m., and both have regular routes that they make deliveries for AEX delivering pharmaceuticals.

18. Plaintiffs Gonzales and DeCastro both work full-time at least five days a week for AEX and must receive approval from AEX to take time off.

19. Plaintiffs Bedoya and Gonzalez often worked in excess of forty hours per week without receiving overtime premium compensation.

20. In particular, Plaintiff Bedoya currently recalls (without the benefit of discovery) workweeks in which he worked at least forty-eight to fifty hours, and Plaintiff Gonzalez recalls (without the benefit of discovery) regularly working forty-five hours per week.

21. Although they are characterized as independent contractors, Plaintiffs and the class they seek to represent are employees under New Jersey law.

22. The work that Plaintiffs perform is part of the usual course of business of AEX, and indeed is its primary business.

23. Plaintiffs are economically dependent upon AEX for their livelihood; indeed, they work for AEX on a full-time of forty or more hours a week, almost every week (except for

vacations).

24. Plaintiffs and the class they seek to represent are subject to significant control by AEX including, *inter alia*, constant monitoring of their performance, and being subject to written and unwritten policies and procedures required for the delivery of the products to AEX customers.

25. AEX markets itself to its customers by claiming that it strictly controls, micromanages and monitors the work being confirmed by its delivery drivers.

## COUNT I
### Violation of New Jersey Wage Payment Law (N.J. Stat. § 34:11-4.2 and § 34:11-4.4)

26. All previous paragraphs are incorporated as though fully set forth herein.

27. As employees, Plaintiffs and other class members are entitled to the protections of the New Jersey Wage Payment Law (NJWPL).

28. The NJWPL requires that Plaintiffs and other class members receive all wages owed. See N.J. Stat. § 34:11-4.2.

29. The NJWPL generally prohibits employers, such as AEX, from making deductions or withholdings from the wages of Plaintiffs and other class members except for those deductions or withholdings permitted therein. See N.J. Stat. § 34:11-4.4.

30. As set forth herein, AEX has misclassified Plaintiffs as independent contractors when they are actually employees under the NJWPL, thereby entitled to the protection and benefits of these laws.

31. AEX violated the NJWPL by failing to pay Plaintiffs all of their wages due, and subjecting them to wage deductions and withholdings that are not specifically permitted by the NJWPL, including deductions for use of AEX's equipment such as AEX's scanners, for occupational insurance, for late deliveries, and for other business expenses and costs of AEX.

## COUNT II
### Violation of Overtime Violation of Wage and Hour Law (N.J. Stat. § 34:11-56a(4))

32. All previous paragraphs are incorporated as though fully set forth herein.

33. Plaintiffs and other class members are employees entitled to the NJWHL's protections.

34. AEX is an employer covered by the NJWHL.

35. The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4.

36. By treating Plaintiffs Bedoya and Gonzalez as independent contractors, AEX fails to keep track of their hours of work.

37. AEX violated the N.J. Stat. § 34:11-56a4 by failing to pay Plaintiffs and certain class members overtime premium compensation, for hours worked over 40 hours during the workweek.

## COUNT III
### Unjust Enrichment

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The arrangements between AEX and its New Jersey delivery drivers improperly classify them as contractors by reason of using a contract of adhesion which has allowed AEX to unjustly enrich itself at the expense of the Plaintiffs and members of the class by requiring them to have monies deducted from their paychecks which are improper and illegal, and to permit AEX to shift numerous business costs over to Plaintiffs and members of the class.

40. AEX's acceptance and retention of such revenues and profits from these deductions from the compensation of Plaintiffs and members of the class is inequitable and

contrary to fundamental principles of justice, equity, and good conscience.

41. This results in unjust enrichment to AEX in violation of the New Jersey common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and all other class members:

(1) certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

(2) issue a declaratory judgment that AEX's classification of Plaintiffs and the other New Jersey delivery drivers whom Plaintiffs seek to represent violates New Jersey law;

(3) grant Plaintiffs and the other members of the putative class appropriate compensatory relief, in amounts to be determined at trial;

(4) grant Plaintiffs and the other members of the putative class attorneys' fees, costs, and interest, costs, and

(5) grant Plaintiffs and the other members of the putative class such other relief as the Court may deem just and appropriate.

Date:  May 1, 2014

s/ R. Andrew Santillo
Peter Winebrake*
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

Harold L. Lichten*
Matthew W. Thomson*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Phone:  (617) 994 5800

*pro hac vice* admission anticipated

*Attorneys for Plaintiffs*