```
 1                    UNITED STATES DISTRICT COURT.
                     FOR THE DISTRICT  OF NEW JERSEY
 2                   CIVIL 14-2811  ES

 3        EVER BEDOYA,

 4                                            Transcript of
                                              Proceedings
 5             V.
                                              ORAL OPINION
 6
          EAGLE EXPRESS, et al,
 7
                     DEFENDANTS.
 8        - - - - - - - - - - - -  - - - -  - - - - - - - -

 9                                       NEWARK, New Jersey
                                         NOVEMBER 21, 2016
10
          B E F O R E:   HONORABLE ESTHER SALAS,
11                       UNITED STATES DISTRICT JUDGE

12               A P P E A R A N C E S:

13               NO APPEARANCES

14

15

16        Pursuant to Section 753 Title 28 United
     States Code,  the following transcript is certified to
17   be an accurate record as taken stenographically in the
     above-entitled proceedings.
18
                              S/LYNNE JOHNSON
19                            _____

20   - - - - - - - - -  - - - - - - - - - - - -
             LYNNE JOHNSON, CSR, CM, CRR
21           OFFICIAL COURT REPORTER
             UNITED STATES DISTRICT COURT
22           P.O. BOX 6822
             LAWRENCEVILLE, NEW JERSEY  08648
23           EMAIL:  CHJLAW@AOL.COM

24

25
```

1      THE COURT: Pending before the Court is
2 Plaintiffs' motion to dismiss Defendant's counterclaim
3 and third-party complaint for indemnification under
4 Section 10 of the Transportation Brokerage Agreements.
5 Although the parties concede that Pennsylvania law
6 governs these claims, the Court will engage in a
7 choice of law analysis.
8      District courts must apply the choice of law
9 rules of the forum state in diversity actions. The
10 first step is to determine if an actual conflict
11 exists between the substantive laws of each state. If
12 an actual conflict exists, district courts next turn
13 to the forum state's choice-of-law rules. New Jersey
14 uses the approach of the Restatement Second of
15 Conflict of Laws in resolving choice of law issues.
16 Under the Second Restatement, when parties to a
17 contract have agreed to be governed by the laws of a
18 particular state, New Jersey courts will uphold the
19 contractual choice so long as that choice does not
20 violate New Jersey's public policy.
21      Defendant's claims turn on the interpretation
22 of the indemnification or hold harmless provision
23 under Section 10 of the TBAs. No conflict exists
24 between Pennsylvania law and New Jersey law with
25 regards to the applicable rules of contract

1  interpretation. Thus, because no actual conflict
2  exists, Pennsylvania law will govern as the parties'
3  chosen state law.
4          Under Pennsylvania law, the Court concludes
5  that Defendant can sustain first party indemnification
6  against Plaintiffs and their LLCs. Plaintiffs rely on
7  outdated case law to support the proposition that
8  Pennsylvania does not recognize first-party
9  indemnification -- mainly *Exelon Generation Co. V.*
10 *Tugboat Doris Hamlin*, No. 06-0244, 2008 WL 2188333, at
11 *2-3 (E.D. Pa. May 27, 2008). Following *Exelon*,
12 however, Pennsylvania courts have held that similarly
13 worded hold-harmless provisions are unambiguous and
14 evidence of the parties' intention for first-party
15 indemnification. *See Waynesborough Country Club v.*
16 *Diedrich Niles Bolton Architects, Inc.*, No. 07-155,
17 2008 WL 4916029, at *3-4 (E.D. Pa. Nov. 12, 2008).
18 Absent any evidence or public policy to the contrary,
19 this Court will construe Section 10 of the TBAs just
20 as the *Waynesborough* court didas broadly and
21 unambiguously allowing for recovery through
22 first-party indemnification.
23         Likewise, the Court concludes that
24 Plaintiffs' claims are covered under the broad
25 language of the indemnification or hold harmless

1   provision under Section 10 of the TBAs. Similar to the
2   contractual analysis in *Spellman v. American Eagle*
3   *Express, Inc.*, 680 F. Supp. 2d 188 (D.D.C. 2010), the
4   Court finds that Plaintiffs' claims relate to their
5   obligations under the TBAs. Accordingly, much like in
6   *Spellman*, Defendant has a basis to assert that
7   Plaintiffs' claims fall within the terms of the
8   indemnification provisions. Plaintiffs are challenging
9   their obligations to accept fees as independent
10  contractors under the TBAs. As such, Plaintiffs claims
11  have a connection with their obligations under the
12  TBAs.
13          For the same reasons, Plaintiffs' motion to
14  dismiss Defendant's third party complaint against the
15  LLCs is denied because the LLCs are separate
16  signatories to the TBAs.
17          Likewise, the Court finds Plaintiffs'
18  retaliation argument to be misplaced. Plaintiffs fail
19  to present a reason why this can serve as a basis for
20  dismissing Defendant's indemnification claims. Rather,
21  Plaintiffs' argument is better served as an
22  affirmative claim asserted against Defendant.
23  Despite this ruling today, the Court is cognizant of
24  Plaintiffs' argument that first-party indemnification
25  is inconsistent with the purpose of New Jersey wage

```
 1   laws.  Although this may be true, New Jersey's wage
 2   laws are only applicable if Plaintiffs are employees
 3   -- determination that the Court cannot make at the
 4   motion to dismiss stage. Thus, Plaintiffs' argument is
 5   premature.
 6           Accordingly, the Court denies Plaintiffs'
 7   motion to dismiss, docket entry 54, without prejudice.
 8           Also pending before the Court is Defendant's
 9   motion for judgment on the pleadings as to all counts
10   in Plaintiffs' Complaint, which includes Plaintiffs'
11   claims for violations to the New Jersey wage laws and
12   unjust enrichment.  Defendant argues that all claims
13   must be dismissed because the Federal Aviation
14   Administration Authorization Act ("FAAAA") preempts
15   New Jersey's definition of an employee under the New
16   Jersey ABC Test.
17           The Third Circuit has cautioned that "courts
18   should not lightly infer preemption," particularly in
19   the "employment context which falls squarely within
20   the traditional police powers of the states." Gary v.
21   Air Group, Inc., 397 F.3d 183, 190 (3d Cir. 2005).
22   Indeed, federal laws are presumed not to preempt a
23   state's police powers unless that was the clear and
24   manifest purpose of Congress.
25           Both parties agree that the FAAAA preempts
```

state laws that have a connection with or relate to carrier rates, routes, or services. The connection may be indirect. However, preemption is limited in that it does not preempt laws that only have a tenuous, remote, or peripheral effect on a carrier's prices, routes, or services. *See Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 371 (2008).

Here, the Court concludes that the FAAAA does not preempt New Jersey's ABC test. First, the Court struggles to find enough evidence that Congress intended the FAAAA to preempt state employment laws and classifications. Rather, the legislative history shows that Congress intended to eliminate the patchwork of state regulations, which included intrastate price controls by forty-one different states. Succinctly put, the purpose of the FAAAA is to preempt economic regulation by the States, not to alter, determine, or affect in any way whether any carrier should be covered by one labor statute or another.

Second, it is unclear how the ABC Test relates to prices, routes, or services. While the Third Circuit has not spoken directly on this issue, the decision issued by Judge Thompson in Echavarria, et al. V. Williams Sonoma, Inc., et al, No. 15-6441,

```
 1   2016 WL 1047225 (D.N.J. Mar. 16, 2016), has addressed
 2   this very issue. Much like in the instant case, the
 3   plaintiffs in Echavarria were delivery drivers and
 4   helpers who alleged that they were misclassified as
 5   independent contractors and not paid proper overtime
 6   wages in violation of the NJWHL. Exactly like
 7   Defendant in the instant case, one of the defendants
 8   in Echavarria attempted to argue that the FAAAA
 9   preempted a particular plaintiff's NJWHL claim in
10   light of New Jersey's ABC Test. Judge Thompson
11   disagreed.
12              Indeed, Judge Thompson noted that the
13   defendant's argument was a matter of first impression
14   in the Third Circuit. However, Her Honor relied on
15   Ninth Circuit and Seventh Circuit decisions in
16   declining to infer preemption. Importantly, Judge
17   Thompson noted a distinction between laws that affect
18   a carrier's contracts with consumers versus laws that
19   affect a carrier's relationship with its employees.
20   Laws that affect carrier's contracts with consumers --
21   i.e. prices, routes, and services -- are preempted by
22   the FAAAA, whereas laws that merely govern a carrier's
23   relationship with employees are not preempted because
24   they are often too tenuously connected to the
25   carrier's relationship with its consumers. See
```

*Echavarria*, 2016 WL 1047225, at *8 (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992); *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1054 (7th Cir. 2016)). According to Judge Thompson, it is not apparent how the application of the NJWHL would affect the defendant's prices, routes, or services any more than other general regulations.

This Court agrees with Judge Thompson's analysis. Here, Defendant argues that the FAAAA preempts the application of the NJWHL and the ABC Test. However, much like in *Echavarria*, the Seventh Circuit's decision in *Costello*, and the Ninth Circuit's decision in *Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014), it is unclear how the ABC Test Effects Defendant's prices, routes, or services. Rather, the ABC Test and the NJWHL govern Defendant's relationship with its workforce; the connection to Defendant's relationship with its consumers is too tenuous.

Defendant cannot show that the New Jersey wage laws significantly affect Defendant's prices, routes, or services. Defendant lists a litany of *potential* costs that it *may* incur if all of its independent contractors were reclassified as employees, particularly application of various federal

and state employment laws. However, the Court concludes that Defendant has failed to demonstrate how these potential impacts would significantly affect Defendant's prices, routes, or services. Indeed, Defendant overlooks the fact that many of these federal and state laws use a much more restrictive definition of employee than the ABC Test. The New Jersey Supreme Court in *Hargrove v. Sleepy's, L.L.C.* expressly limited the use of the ABC Test to the New Jersey Wage Payment Law and New Jersey Wage and Hour Law. 220 N.J. 289, 316 (2015). As such, the use of New Jersey's ABC Test may have no effect at all on Defendant's obligation to expend costs under certain federal and state laws. Indeed, it remains to be seen whether Plaintiffs qualify as employees under the ABC test. Should they ultimately qualify, that does not lead to the automatic conclusion that they are automatically entitled to certain benefits that would drive Defendant's prices up.

For the same reasons, the Court also rejects Defendant's arguments that incurring additional costs will significantly affect consumer prices. This causal relationship is simply too tenuous. The Court also finds that Defendant's needing to assign multiple delivery routes to one employee to avoid increased

Case 2:14-cv-02811-ES-JAD   Document 109   Filed 11/21/16   Page 10 of 11 PageID: 1268
10

consumer costs is too far removed. For similar reasons, the Court concludes that New Jersey's ABC Test has no significant impact on Defendant's services.

The Court is cognizant of the First Circuit's position on this issue. Indeed, as Judge Thompson noted, the First Circuit has held that the FAAAA preempted the application of Massachusetts' ABC Test. See *Schwann v. FedEx Ground Package Sys., Inc.*, 813 F.3d 429, 440 (1st Cir. 2016). However, the Court finds Judge Thompson's *Echavarria* decision to be highly persuasive, and agrees that the First Circuit's conclusions stand in tension with the Ninth and Seventh Circuit decisions.

For the same reasons, the Court concludes that Plaintiffs' unjust enrichment claim is not preempted by the FAAAA. Indeed, Defendant has failed to adequately demonstrate how Plaintiffs' classification as employees relates to prices, routes, or services, much less how unjust enrichment affects its relationships with its consumers.

There is no clear indication from Congress that it intended to preempt state wage laws by enacting the FAAAA. Based on the arguments before the Court, it does not appear that the ABC Test

```
 1   significantly affect Defendant's prices, routes, or
 2   services.
 3              Accordingly, the Court denies Defendant's
 4   motion for judgment on the pleadings, docket entry 69.
 5
 6                     (Adjourned)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```