IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EVER BEDOYA, DIEGO GONZALES, and MANUEL DeCASTRO, on behalf of themselves and all others similarly situated, | : : : : : : | 2:14-cv-02811-ES-JAD  **ELECTRONICALLY FILED** |
| Plaintiffs, | : : | Notice of Motion Date: |
| v. | : : | January 17, 2017 |
| AMERICAN EAGLE EXPRESS, INC. d/b/a AEXGroup., | : : : : | |
| Defendant. | : : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY AN
IMMEDIATE INTERLOCUTORY APPEAL OF THE COURT'S
<u>NOVEMBER 22, 2016 ORDER AND STAY OF THE PROCEEDINGS</u>**

Date:  January 3, 2017

Peter Winebrake*
R. Andrew Santillo (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Harold Lichten*
Matthew Thomson*
LICHTEN & LISS RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

# **TABLE OF CONTENTS**

I. THE APPLICABLE STANDARD OF REVIEW ......................................... 1

II. ARGUMENT ................................................................................................ 3

    A. Certification for Interlocutory Appeal is Not Warranted in this Case .... 3

        1. Defendant Cannot Satisfy § 1292(b)'s Requirement that an Immediate Appeal Will "Materially Advance the Ultimate Termination of the Litigation." ........................................................... 3

        2. Defendant Cannot Satisfy § 1292(b)'s Requirement of a "Substantial Ground for a Difference of Opinion." ............................ 6

    B. If the Court Certifies its November 21st Order for Interlocutory Review, Defendant's Request for a Stay Should be Denied ................... 8

III. CONCLUSION ............................................................................................. 9

# **TABLE OF AUTHORITIES**

**CASES/DECISIONS**

*Bachowski v. Usery*,
    545 F.2d 363 (3d Cir. 1976) .................................................................................. 2

*Chambers v. RDI Logistics, Inc.*,
    -- N.E.3d --, 476 Mass. 95 (Mass. 2016) ....................................................... 6

*Children First Foundation v. Legreide*,
    2005 U.S. Dist. LEXIS 28703 (D.N.J. Nov. 17, 2005) .................... 2, 3, 4, 6

*Craig v. Rite Aid Corp.*,
    2010 U.S. Dist. LEXIS 20648 (M.D.Pa. Feb. 4, 2010) ................................ 1

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ..................................................................................... 1

*Echavarria, et al. v. Williams Sonoma, Inc., et al.*,
    2016 U.S. Dist. LEXIS 33980 (D.N.J. Mar. 16, 2016) ................................ 7

*Eisai Inc. v. Zurich Am. Ins. Co.*,
    2015 U.S. Dist. LEXIS 1747 (D.N.J. Jan. 8, 2015) ............................. 2, 3, 6

*Hargrove v. Sleepy's LLC*,
    10-cv-1138-PGS, Doc. 170 (D.N.J. Oct. 25, 2016) ...................................... 7

*Hensley v. First Student Mgmt., LLC*,
    2016 U.S. Dist. LEXIS 169036 (D.N.J. Dec. 7, 2016) ................... 2, 3, 4, 7-8

*In re Central European Distribution Corp. Securities Litig.*,
    2012 U.S. Dist. LEXIS 162616 (D.N.J. Nov. 14, 2012) .............................. 3

*Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*,
    2011 U.S. Dist. LEXIS 16533 (D.N.J. Feb. 17, 2011) ................................. 3

*Massachusetts Delivery Ass'n v. Healey*,
    821 F.3d 187 (1st Cir. 2016) ........................................................................ 5

*Nat'l Health Plan Corp. v. Teamsters Local 469*,
    2013 U.S. Dist. LEXIS 57663 (D.N.J. Apr. 22, 2013) ................................. 4

*Nken v. Holder*,
    556 U.S. 418, 434-35 (2009) ...................................................................... 8

*N.V.E., Inc., v. Palmeroni*,
    2012 U.S. Dist. LEXIS 78215 (D.N.J. June 5, 2012) .................................. 3

*Orson, Inc. v. Miramax Film Corp.*,
    857 F. Supp. 319 (E.D. Pa. 1994) ................................................................ 3

*Portillo v. Nat'l Freight, Inc.*,
    2016 U.S. Dist. LEXIS 132180 (D.N.J. Sept. 26, 2016) ........................... 5-6

*Schwann v. FedEx Ground Package Sys., Inc.*,
    813 F.3d 429 (1st Cir. 2016) ........................................................................ 5

*Titelman v. Rite Aid Corp.*,
    2002 U.S. Dist. LEXIS 11290 (E.D. Pa. Feb. 5, 2002) ................................ 3

*United Nat'l Ins. Co. v. Aon Ltd.*,
    2008 U.S. Dist. LEXIS 28249 (E.D. Pa. Apr. 7, 2008) ................................ 3

*Walsh Securities, Inc. v. Cristo Property Management, Ltd.*,
    7 F. Supp. 2d 523 (D.N.J. 1998) .................................................................. 8

*Zygmuntowicz v. Hospitality Investments, Inc.*,
    828 F. Supp. 346 (E.D. Pa. 1993) ................................................................ 3

**STATUTES**

28 U.S.C. § 1292(b) ........................................................................... *passim*

49 U.S.C. § 14501(c)(1). ................................................................................ 4

Plaintiffs Ever Bedoya, Diego Gonzales, and Manuel DeCastro ("Plaintiffs") submit this brief in opposition to Defendant American Eagle Express, Inc.'s ("Defendant") motion to certify the Court's November 21, 2016[1] Order ("November 21st Order") for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay the district court proceedings. *See* Doc. 112 ("Motion"). As discussed below, the Motion should be denied because Defendant cannot satisfy two of the three requirements under 28 U.S.C. § 1292(b) necessary to warrant an immediate appeal.

I. **THE APPLICABLE STANDARD OF REVIEW**

"As a general rule, a matter may not be appealed to the Third Circuit unless it is a final judgment." *Craig v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 20648, *7 (M.D.Pa. Feb. 4, 2010). Only "***exceptional circumstances*** justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal citation and quotations omitted, emphasis supplied).

A party must satisfy three separate criteria to justify an interlocutory appeal under 28 U.S.C. § 1292(b):

    (1)    A controlling question of law;

---

[1] Defendant mistakenly lists the date of the Court's order as November 22, 2016, *see* Doc. 112, but it is actually dated November 21, 2016, *see* Doc. 110.

>   (2)   A substantial ground for a difference of opinion as to the correctness of that question; ***and***
>
>   (3)   An immediate appeal of that question will materially advance the ultimate termination of the litigation.

*Children First Foundation v. Legreide*, 2005 U.S. Dist. LEXIS 28703, *20 (D.N.J. Nov. 17, 2005). "The burden is on the movant to demonstrate that all three requirements are met." *Eisai Inc. v. Zurich Am. Ins. Co.*, 2015 U.S. Dist. LEXIS 1747, *13 (D.N.J. Jan. 8, 2015) (Salas, J.) (internal citations and quotations omitted).

However, "[e]ven if the moving party satisfies all three requirements, the Court may deny certification because the decision to grant a section 1292(b) certification for interlocutory appeal is 'wholly within the discretion of the [district court].'" *Children First Foundation*, 2005 U.S. Dist. LEXIS 28703, at *21 (quoting *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)); *see also Eisai Inc.*, 2015 U.S. Dist. LEXIS 1747, at *13; *Hensley v. First Student Mgmt., LLC*, 2016 U.S. Dist. LEXIS 169036, *4 (D.N.J. Dec. 7, 2016). As this Court has recognized, interlocutory appeals "'should ***only rarely be allowed*** as it deviates from the strong policy against piecemeal litigation.'" *Eisai Inc.*, 2015 U.S. Dist.

LEXIS 1747, at *13 (emphasis supplied).[2]  Importantly, Section 1292(b) is not intended "to be a 'vehicle to provide early review of difficult rulings in hard cases.'"  *Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*, 2011 U.S. Dist. LEXIS 16533, *8 (D.N.J. Feb. 17, 2011).

## II.    ARGUMENT

### A.    *Certification for Interlocutory Appeal is Not Warranted in this Case.*

For the reasons discussed below, Defendant cannot satisfy two of the three § 1292(b) factors[3] or otherwise demonstrate that the Court should deviate from the general rule of postponing appellate review until after a final judgment.

#### 1.    *Defendant Cannot Satisfy § 1292(b)'s Requirement that an Immediate Appeal Will "Materially Advance the Ultimate Termination of the Litigation."*

A section 1292(b) certification materially advances the ultimate termination

---

[2] *See also Hensley*, 2016 U.S. Dist. LEXIS 169036, *4 ("[A] district court should exercise this discretion and certify issues for interlocutory appeal only 'sparingly' and in 'exceptional circumstances[.]'"); *In re Central European Distribution Corp. Securities Litig.*, 2012 U.S. Dist. LEXIS 162616, *6 (D.N.J. Nov. 14, 2012) ("Section 1292(b) should be 'sparingly applied.'"); *N.V.E., Inc., v. Palmeroni*, 2012 U.S. Dist. LEXIS 78215, *17 (D.N.J. June 5, 2012) ("Section 1292(b) certification should be used sparingly"); *United Nat'l Ins. Co. v. Aon Ltd.*, 2008 U.S. Dist. LEXIS 28249, *5 (E.D. Pa. Apr. 7, 2008) ("piecemeal appeals [under § 1292(b)] are disfavored, and should only be allowed in exceptional cases"); *Children First Foundation*, 2005 U.S. Dist. LEXIS 28703, at *21 ("The Court sparingly applies section 1292(b)"); *Titelman v. Rite Aid Corp.*, 2002 U.S. Dist. LEXIS 11290, *2-3 (E.D. Pa. Feb. 5, 2002) (§ 1292(b) certification "is the exception, to be used only in the rare case"); *Orson, Inc. v. Miramax Film Corp.*, 857 F. Supp. 319, 321 (E.D. Pa. 1994) ("the 1292(b) appeal is the exception"); *Zygmuntowicz v. Hospitality Investments, Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993) (§ 1292(b) "is to be used in exceptional cases" and "was not intended to open the floodgates to a vast number of interlocutory appeals in the course of ordinary litigation").

[3] For purposes of this Motion, Plaintiffs agree that the Court's November 21st Order involves a controlling question of law under § 1292(b).

3

of the litigation when an interlocutory appeal would eliminate: (i) the need for trial; (ii) complex issues so as to simplify the trial; or (iii) issues to make discovery easier and less costly. *See Nat'l Health Plan Corp. v. Teamsters Local 469*, 2013 U.S. Dist. LEXIS 57663, at *10-11 (D.N.J. Apr. 22, 2013). "The Court, however, must also bear in mind the policy of the federal courts against piecemeal appeals and their inherent delays." *Children First Foundation*, 2005 U.S. Dist. LEXIS 28703, at *30.

Here, Defendant cannot satisfy these requirements because Plaintiffs' unjust enrichment claims[4] will not be impacted by any potential appellate review of the Court's November 21st Order. Defendant has never suggested that Plaintiffs' unjust enrichment claims are preempted or otherwise affected by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c)(1). At least one District of New Jersey judge has held that this § 1292(b) factor can not be satisfied when a party pursues additional claims in a case that would not covered by the requested certification order. *See Hensley*, 2016 U.S. Dist. LEXIS 169036, at *6.

Furthermore, Defendant's own arguments in favor of their motion for judgment on the pleadings weigh against certification of the November 21st Order

---

[4] Plaintiffs asserted their unjust enrichment claims as Count III of their Complaint. *See* Doc. 1. Defendant's motion to dismiss the unjust enrichment claims was previously denied by the Court. *See* Doc. 50.

for interlocutory review.  The primary authority relied upon by Defendant was the First Circuit's decisions in *Massachusetts Delivery Ass'n v. Healey*, 821 F.3d 187 (1st Cir. 2016) and *Schwann v. FedEx Ground Package Sys., Inc.*, 813 F.3d 429 (1st Cir. 2016) which address the interplay between the FAAAA and the ABC test to determine employment status under Massachusetts law.  *See* Def. Brief (Doc. 112-1) at pp. 1-3.  However, the First Circuit did not hold that the Massachusetts ABC test was preempted by the FAAAA in its entirety.  *See Healey*, 821 F.3d at 189; *Schwann*, 813 F.3d at 440.  Instead, it only held that the second of the three requirements (or "prongs") was preempted and that the first and third prongs could be used by the plaintiffs to demonstrate their status as employees under Massachusetts law.  *See Schwann*, 813 F.3d at 441.

Thus, even if the Third Circuit were to adopt Defendant's arguments and follow the First Circuit's *Healey* and *Schwann* decisions as Defendant boldly predicts, ***only one of the three prongs of the New Jersey ABC test would be preempted***.  Subsequent decisions applying *Schwann* clearly demonstrate that even under Defendant's best-case-scenario, the parties would still need to litigate the remaining two prongs.  *See*, *e.g.*, *Portillo v. Nat'l Freight, Inc.*, 2016 U.S. Dist. LEXIS 132180, *9 (D.N.J. Sept. 26, 2016) (Simandle, J.) (holding that only the second prong of the Massachusetts ABC test was preempted, and Massachusetts

delivery drivers could proceed with their misclassification claims under prongs one and three); *Chambers v. RDI Logistics, Inc.*, -- N.E.3d --, 476 Mass. 95 (Mass. 2016) (holding that although prong two of the Massachusetts ABC test was preempted, the remaining prongs are not preempted where they constitute "commonly used State and Federal tests of employment").

Thus, an interlocutory appeal will not materially advance the termination of this lawsuit.

### 2. *Defendant Cannot Satisfy § 1292(b)'s Requirement of a "Substantial Ground for a Difference of Opinion."*

As this Court has previously observed, Defendant can only fulfill this factor by demonstrating "genuine doubt as to the correct legal standard" that was applied in the November 21st Order. *Eisai Inc.*, 2015 U.S. Dist. LEXIS 1747, at *13 (internal quotation and citation omitted); *accord Children First Foundation*, 2005 U.S. Dist. LEXIS 28703, at *25-26. Defendant's "mere disagreement with the district court's ruling" or belief that it was wrongly decided, does not qualify a substantial ground for a difference of opinion. *Id.* Again, Defendant cannot satisfy this factor.

When the Court heard oral arguments on Defendant's motion for judgment on the pleading in March 2016, the parties and the Court were working in a vacuum. No other federal or state court had addressed the affect, if any, that the

FAAAA had on New Jersey's ABC test for employment status. However, in the short time since oral arguments, this Court and two other District of New Jersey judges have addressed this issue and held that the ABC test is not preempted by the FAAAA. *See Echavarria, et al. v. Williams Sonoma, Inc., et al.*, 2016 U.S. Dist. LEXIS 33980, *22-27 (D.N.J. Mar. 16, 2016) (Thompson, J.); *Hargrove v. Sleepy's LLC*, 10-cv-1138-PGS, at Doc. 170[5] pp. 11-12 (D.N.J. Oct. 25, 2016) (Sheridan, J.).[6] This unanimous authority on the FAAAA issue eliminates any "difference of opinion" that would require the Third Circuit to resolve.

Defendant ignores this District of New Jersey authority and rehashes its prior arguments that the First Circuit's decisions were correct while the Seventh and Ninth Circuits got it wrong. *See* Def. Brief (Doc. 112-1) at pp. 2-3, 8-10. However, as Judge Rodriguez observed just last month, the mere existence of conflicting circuit authority on an issue that has yet to be addressed by the Third Circuit does not mean that this § 1292(b) factor is satisfied. *See Hensley*, 2016 U.S. Dist. LEXIS 169036, at *4-5 (holding that the presence of a circuit split "does

---

[5] A copy of Judge Sheridan's transcribed *Hargrove* opinion was attached to Plaintiffs' November 3, 2016 letter to the Court requesting permission to submit supplemental authority. *See* Doc. 108.

[6] In an effort to create support for this § 1292(b) factor, Defendant cites to Plaintiffs' counsel's statement at oral argument that interlocutory review may be appropriate. *See* Def. Brief (Doc. 112-1) at p. 10. However, this suggestion by Plaintiffs' counsel was made prior to either Judge Thompson or Judge Sheridan's FAAAA opinions. As Plaintiffs' counsel stated in its March 17, 2016 supplemental letter brief to the Court, Judge Thompson's *Echavarria* opinion "might militate against certification [for interlocutory review] at this juncture." *See* Doc. 100 at p. 1.

7

not tip the scale in favor of interlocutory review"). Thus, this § 1292(b) factor is not satisfied.

### B. If the Court Certifies its November 21st Order for Interlocutory Review, Defendant's Request for a Stay Should be Denied.

Plaintiffs also oppose Defendant's request for a stay should the request for interlocutory certification be granted. A stay is an "extraordinary remedy," *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998), and, as reiterated by the Supreme Court, requires a four part-showing by the party seeking the stay:

> (1) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434-35 (2009). Here, Defendant has failed to show that it will fulfill any of these requirements. Moreover, as discussed in section II.A.1, *supra*, even if the Third Circuit were to follow the First Circuit's logic as Defendant predicts, *see* Def. Brief (Doc. 112-1) at p. 14 ("The Third Circuit is likely to follow the First Circuit."), the parties will still need to litigate the two remaining prongs of New Jersey's ABC test in addition to Plaintiffs' unjust enrichment claims. Thus, Defendant's extraordinary request for a stay should be denied.

### III.  CONCLUSION

For the reasons discussed herein, Plaintiffs respectfully request that Defendant's Motion for an immediate appeal and stay be denied.

Date:  January 3, 2017

Respectfully submitted,

s/ R. Andrew Santillo
Peter Winebrake*
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025

Harold Lichten*
Matthew Thomson*
LICHTEN & LISS RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

9