**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVER BEDOYA, et al.,** : | |
| : | |
| Plaintiffs, : | Civil Action No. 14-2811 (ES) (JAD) |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| **AMERICAN EAGLE EXPRESS,** : | |
| : | |
| Defendant. : | |

**SALAS, DISTRICT JUDGE**

**I.     Introduction**

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief. Plaintiffs are delivery drivers. Defendant is a logistics company that coordinates delivery services throughout several states (including New Jersey). Defendant employs Plaintiffs as independent contractors. Plaintiffs brought this putative class action to challenge their status as independent contractors; they contend that, under New Jersey law, they are employees.

On August 7, 2015, Defendant moved under Federal Rule of Procedure 12(c) for judgment on the pleadings. (D.E. No. 69 ("12(c) motion")). Defendant's 12(c) motion advanced a single, potentially case-dispositive argument: that Plaintiffs' Complaint is preempted by the Federal Aviation Authorization Administration Act of 1994 ("FAAAA"). (*See generally id.*). In a November 21, 2016 Order (the "Order"), this Court denied Defendant's 12(c) motion. (D.E. No. 110).

Defendant now moves (i) to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b); and (ii) to stay this action pending appeal. (D.E. No. 112 ("Motion")). Plaintiffs oppose

Defendant's Motion. (D.E. No. 113 ("Pl. Opp. Br.")). For the following reasons, the Court will GRANT Defendant's request to certify the Order for interlocutory appeal, but DENY *without prejudice* Defendant's request to stay this action at this time. If the Third Circuit agrees to hear Defendant's appeal, Defendant may move for reconsideration of its stay request.

## II. Discussion

### A. Certification for Interlocutory Appeal

28 U.S.C. § 1292(b) provides, in relevant part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he[1] shall so state in writing in such order.

Thus, "[t]he statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Specifically, the order must (i) involve a "controlling question of law"; (ii) offer "substantial ground for difference of opinion" as to its correctness; and (iii) if appealed immediately, "materially advance the ultimate termination of the litigation." *Id.* (quoting § 1292(b)). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015).

"Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009). Accordingly, a district court should certify issues for interlocutory appeal only "sparingly" and in "exceptional circumstances." *Cardona v. General*

---

[1] Or she.

*Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996). So, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

### 1. The Order involves a controlling question of law.

The parties agree that the Order involves a controlling question of law. (D.E. No. 112-1 ("Def. Mov. Br.") at 7-8; Pl. Opp. Br. at 3 n.3). The Court also agrees that the Order involves a controlling question of law. Defendant has therefore satisfied the first prong under § 1292(b).

### 2. The Order offers substantial ground for difference of opinion.

A "substantial ground for difference of opinion" must "arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001) (same). "[M]ere disagreement with the district court's ruling" is not enough. *Kapossy*, 942 F. Supp. at 1001.

Defendant argues that the Order offers a "substantial ground for a difference of opinion" because (i) there is no controlling authority in the Third Circuit; (ii) there is a circuit split between the First Circuit and the Seventh and Ninth Circuits; (iii) the Order involves a novel and complex issue of statutory interpretation; and (iv) the Supreme Court, when considering a writ of certiorari from the Seventh Circuit's decision in *Costello*,[2] invited the Solicitor General to weigh in on this issue. (Def. Mov. Br. 8-11).

Plaintiffs counter that Defendant's "mere disagreement with the district court's ruling" is not enough to satisfy this factor; rather, Defendant must demonstrate "genuine doubt as to the

---

[2] *Costello v. Beavex, Inc.*, 810 F.3d 1045 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 267 (Oct. 3, 2016).

correct legal standard" that the Court applied. (Pl. Opp. Br. at 6) (quoting *Eisai Inc. v. Zurich Am. Ins. Co.*, No. 12-7208, 2015 WL 113372, at *6 (D.N.J. Jan. 8, 2015)). Plaintiffs explain that when the Court heard oral argument on Defendant's 12(c) motion, "[n]o other federal or state court had addressed the affect [sic], if any, that the FAAAA had on New Jersey's ABC test for employment status." (*Id.* at 6-7). Since then, however, "this Court and two other District of New Jersey judges have addressed this issue and held that the ABC test is not preempted by the FAAAA." (*Id.* at 7) (citing *Hargrove v. Sleepy's LLC*, No. 10-1138, 2016 WL 8258865 (D.N.J. Oct. 26, 2016);[3] *Echavarria v. Williams Sonoma, Inc.*, No. 15-6441, 2016 WL 1047225 (D.N.J. Mar. 16, 2016)). Plaintiffs argue that this "unanimous authority on the FAAAA issue eliminates any 'difference of opinion' that would require the Third Circuit to resolve." (*Id.*). Plaintiffs add that the "mere existence of conflicting circuit authority . . . does not mean that this § 1292(b) factor is satisfied." (*Id.*).

The Court finds that the Order offers substantial ground for a difference of opinion. As an initial matter, Plaintiffs agree that there is no controlling authority on this issue. (*See* Pl. Opp. Br. at 6-7). And although Plaintiffs contend there is "unanimous" district-wide authority on this issue that "eliminates any 'difference of opinion,'" Plaintiffs do not cite law for that proposition. Defendant, however, correctly observes that "[s]ubstantial ground for a difference of opinion exists 'when the matter involves one or more difficult and pivotal questions of law *not settled by controlling authority*.'" (Def. Mov. Br. at 8) (citing *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (emphasis added)). Defendant also persuasively argues that *Echavarria* and *Sleepy's* are factually and procedurally different from this case. (D.E. No. 114 ("Def. Reply Br.") at 4-5).

---

[3] Judge Sheridan's Oral Opinion can be found at D.E. No. 174 in Civil Action No. 10-1138.

Plaintiffs concede there is a circuit split on this issue, but argue that's not enough to establish the second criteria under § 1292(b). In support, Plaintiffs cite *Hensley v. First Student Mgmt., LLC* for the proposition that "the presence of a circuit split 'does not tip the scale in favor of interlocutory review.'" (Pl. Opp. Br. at 7-8) (quoting No. 15-3811, 2016 WL 7130908, at *1 n.1 (D.N.J. Dec. 7, 2016)). But Plaintiffs take that dicta out of context. The court in *Hensley* found that the circuit split did "not tip the scale in favor of interlocutory appeal" because the Third Circuit previously weighed in on the issue. *See Hensley*, 2016 WL 7130908, at *1 n.1 ("[T]he significance of a split is diminished by the Third Circuit's endorsement of the reasoning employed in this Court's March 31, 2016 Opinion."). Plaintiffs also ignore Defendant's point about the Supreme Court's invitation to the Solicitor General, as well as Defendant's argument that the Order involves a novel and complex issue of statutory interpretation. *See State v. Fuld*, No. 09-1629, 2009 U.S. Dist. LEXIS 81084, at *5 (D.N.J. Aug. 31, 2009) ("[W]hen there are not conflicting precedents that control, substantial grounds for a difference of opinion may exist when the court is faced with issues of statutory interpretation that are somewhat novel and complex.").

Accordingly, the Court concludes that Defendant has satisfied the second prong under § 1292(b).

### 3. The Order may materially advance the ultimate termination of the litigation.

A § 1292(b) certification "materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013); *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994) (same). "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." *N.J.*

*Protection & Advocacy, Inc. v. N.J. Dep't of Educ.*, No. 07-2978, 2008 WL 4692345, at *3 (D.N.J. Oct. 8, 2008).

Defendant maintains that a successful appeal will likely end this case. (Def. Mov. Br. at 12). According to Defendant, "if the Third Circuit agrees with the interpretation of the FAAAA preemption provision as expressed by the First Circuit, the Third Circuit likely would conclude that the FAAAA preempts application of the New Jersey ABC test to the Plaintiffs' claims." (*Id.*). But if the Court denies Defendant's request for certification, "the parties may be required to engage in substantial, expensive and lengthy class-wide discovery, and potentially a trial" before the Third Circuit addresses this issue. (*Id.*).

Plaintiffs contend that immediate appellate review will not affect their unjust enrichment claims, so it will not materially advance the ultimate termination of the litigation. (Pl. Opp. Br. at 4). To that end, Plaintiffs state that "Defendant has never suggested that Plaintiffs' unjust enrichment claims are preempted or otherwise affected by the [FAAAA]." (*Id.*). Plaintiffs also argue that, even if the Third Circuit were to adopt the First Circuit's analysis, the FAAAA would only preempt one of the three prongs in the New Jersey ABC test. (*Id.* at 5). Therefore, "even under Defendant's base-case-scenario, the parties would still need to litigate the remaining two prongs." (*Id.*).

Defendant responds that its 12(c) motion "expressly argued . . . that the Unjust Enrichment claims *are* preempted by the FAAAA." (Def. Reply Br. at 8) (emphasis in original). Further, Defendant points out that it would be illogical for Plaintiffs' unjust enrichment claims "to survive disposition of the misclassification claim" because the unjust enrichment claims depend on a finding that Plaintiffs are wrongly classified as independent contractors. (*Id.* at 8-9). Defendant also distinguishes the First Circuit cases (where the plaintiffs, for standing purposes, challenged

6

only one of the prongs of the Massachusetts ABC test) from this case (where Defendant is challenging all three prongs of the New Jersey ABC test). (*Id.* at 10-11).

The Court finds that the Order, if appealed, will materially advance the ultimate termination of the litigation. First, the Court rejects Plaintiffs' argument that Defendant's 12(c) motion did not seek dismissal of Plaintiffs' unjust enrichment claims. Defendant's 12(c) motion did so expressly. (*See generally* D.E. No. 69-1 at 32-34; *id.* at 34 ("Plaintiffs' unjust enrichment claims also cannot withstand the FAAAA preemption analysis."); *id.* at 34 ("[Defendant] submits that the [P]laintiffs' entire Complaint is preempted.")). Second, the Court agrees with Defendant that its 12(c) motion challenged all three prongs under the New Jersey ABC test, whereas the plaintiffs before the First Circuit challenged only the second prong of the Massachusetts ABC test. Finally, Defendant has shown that its appeal involves a potentially case-dispositive issue: whether Plaintiffs' entire Complaint is preempted by the FAAAA. Based on the foregoing, Defendant has satisfied the third prong under § 1292(b).

### B. Stay of Proceedings Pending Appeal

The Court denies Defendant's request to stay this action at this time. But, in the event the Third Circuit agrees to hear Defendant's appeal, Defendant may move before this Court for reconsideration of its stay request. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

### III.     Conclusion

For the foregoing reasons, the Court will GRANT Defendant's motion to certify the Order, but DENY *without prejudice* Defendant's request to stay proceedings at this time.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**